IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


**RAYMOND O. LAFRANCE,**                        06-CV-1046-BR

      Plaintiff,

                                    OPINION AND ORDER

v.

**US FILTER, a wholly owned
subsidiary of SIEMENS
CORPORATION, a New York
corporation,**

      Defendant.


**JAMES C. HILBORN**
7360 S.W. Hunziker Road
Suite 206
Tigard, OR  97223
(503) 620-3342

      Attorney for Plaintiff

**ANDREW M. ALTSCHUL**
Altschul Law Office, P.C.
117 S.W. Taylor Street, Suite 2600
Portland, OR  97204
(503) 417-0444

      Attorney for Defendant

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint (#5).  For the reasons that follow, the Court **GRANTS** Defendant's Motion and dismissed this action with prejudice.

## BACKGROUND

The following facts are taken from the Complaint and Defendant's Unopposed Motion to Dismiss:

In July 2003, Defendant hired Plaintiff to supervise one of Defendant's clean-water filtration operations.  On November 15, 2004, Defendant demoted Plaintiff from Supervisor to Technician.  On November 19, 2004, Plaintiff fell on the job and injured his left knee.

Plaintiff's doctor scheduled Plaintiff for knee surgery on March 17, 2005.  In the time between Plaintiff's injury and the date of his surgery, Plaintiff's doctor cleared him to return to work with restrictions.  Plaintiff alleges Defendant, however, required Plaintiff to do work that did not fit within his limitations.  Plaintiff further contends he was ridiculed by his supervisors when he complained about being required to do work that was outside of his limitations.

After Plaintiff's surgery, his doctor allowed him to return to work with restrictions.  According to Plaintiff, Defendant

2 - OPINION AND ORDER

required him to do work that was outside of his doctor's ordered restrictions. On May 30, 2005, Plaintiff resigned.

On June 21, 2006, Plaintiff filed an action in Washington County Circuit Court in which he alleged claims for wrongful termination of employment in violation of Oregon Revised Statute § 659A.040 and reckless infliction of emotional distress. On July 21, 2006, Defendant removed the matter to this Court on the basis of diversity jurisdiction.

On August 17, 2006, Defendant filed its Motion to Dismiss Plaintiff's Complaint on the grounds that Plaintiff's statutory discrimination claim is barred by the statute of limitations and Oregon does not recognize a claim for reckless infliction of emotional distress. Plaintiff did not file a response. On September 12, 2006, Defendant filed a Supplemental Memorandum raising Plaintiff's failure to prosecute his claim as an additional grounds for dismissal.

## DISCUSSION

Federal Rule of Civil Procedure 41(b) provides in pertinent part:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for

3 - OPINION AND ORDER

>improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

A district court is required to weigh the following factors when determining whether to dismiss a case for lack of prosecution:

>(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions.

*Al-Torki v. Kaempen*, 78 F.3d 1381, 1384 (9th Cir. 1996)(quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). Although the first two factors favor the imposition of sanctions in most cases, the fourth factor disfavors default or dismissal. Thus, "the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990). A plaintiff's failure to prosecute diligently creates a rebuttable presumption of prejudice, which the plaintiff must overcome by establishing a nonfrivolous excuse for delay. *Moneymaker v. CoBen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994)). If the plaintiff proffers a nonfrivolous excuse for delay, the burden of production shifts to the defendant to show at least some actual prejudice. *Hernandez v. City of El Monte*, 138 F.3d 393, 400-01 (9th Cir. 1998).

Here Plaintiff has not provided any explanation or excuse for his failure to prosecute this matter. Plaintiff, therefore,

4 - OPINION AND ORDER

has not overcome the presumption of prejudice to Defendant.

In any event, Plaintiff has alleged claims on which the Court cannot grant relief. Thus, there are not any sanctions less drastic than dismissal available in these circumstances.

Oregon law requires a claim under Oregon Revised Statute § 659A either be filed as a charge of discrimination with the Oregon Bureau of Labor and Industry (BOLI) or filed in court within one year of the "occurrence of the unlawful employment practice." Or. Rev. Stat. § 659A.885. Plaintiff does not allege he filed a complaint with BOLI at any time, and Plaintiff did not file this action until more than one year after he resigned his position with Defendant which is the latest time the occurrence of an unlawful employment practice could have taken place. Accordingly, Plaintiff's claim that Defendant violated Oregon Revised Statute § 659A.040 is untimely.

In addition, "there is no cognizable claim for the reckless infliction of emotional distress under the laws of the state of Oregon." *Snead v. Metro. Prop. and Cas. Ins. Co.*, 909 F. Supp. 775, 779 (D. Or. 1996). Thus, the Court cannot grant relief as to Plaintiff's claim for reckless infliction of emotional distress.

In summary, Plaintiff has not stated any claims on which the Court can grant relief. Any sanction other than dismissal of this action, therefore, would be futile because the Court would

5 - OPINION AND ORDER

have to dismiss Plaintiff's claims on their merits even if the Court did not dismiss Plaintiff's claims for failure to prosecute.

Accordingly, the Court grants Defendant's Motion to Dismiss pursuant to Rule 41(b) for failure to prosecute.

## **CONCLUSION**

For these reasons, the Court **GRANTS** Defendant's Motion to Dismiss (#5) and **DISMISSES** this action **with prejudice**.

IT IS SO ORDERED.

DATED this 30th day of October, 2006.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge

6 - OPINION AND ORDER